UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **Hedrick et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | Case No. 4:08CV1670 SNLJ |
| ) | |
| **Ameristar Casino St. Charles,** ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to compel (#41), filed August 27, 2009. Plaintiffs filed a memorandum in opposition (#45), on September 8, 2009. Defendants then filed a reply (#47), on September 18, 2009. Defendant seeks unredacted copies of communications between plaintiffs, or in the alternative, requests that the Court conduct an *in camera* review of the plaintiffs' redactions in order to determine if the attorney-client privilege applies.

This case involves an action for monetary damages, declaratory, and injunctive relief brought pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq.* Plaintiffs are a class of defendants employed by Defendant at the Ameristar Casino Resort and Spa as Floor Supervisors. Defendant is a Missouri corporation with its principal place of business in St. Charles, Missouri. Plaintiffs allege that they consistently worked in excess of forty hours per week, yet defendant failed to pay overtime wages and other benefits to Plaintiffs by intentionally and improperly designating the position of Floor Supervisors as exempt from federal law in direct violation of the FLSA. This Court conditionally certified the lawsuit as a collective action, and several additional plaintiffs have opted into the case to recover unpaid overtime

compensation, withheld wages, and other damages. The court now turns to the current discovery dispute.

After the lawsuit was certified as a collective action and additional plaintiffs opted into the case, Defendant Ameristar served all opt-in plaintiffs with requests for production of documents, seeking communications between plaintiffs and any current or former employees of Ameristar. In response to Defendant's request for documents from more than 40 persons, Plaintiffs' counsel produced over 1600 pages of documents containing emails and other communications between opt-in plaintiffs. Defendant Ameristar received duplicate copies of some emails, but in several instances there were discrepancies between what was redacted and what was not redacted within the duplicates. After an evaluation of the differences, Defendant Ameristar noticed that some of what was redacted actually may have been unprivileged material. More specifically, Defendant argues that casual communications between, and among, plaintiffs offering each other advice, speculating about the case at hand, and indicating submission of forms to join the action are not privileged information.

Defendant Ameristar is concerned that these inconsistencies in the documents are part of a wider problem, and that plaintiffs may have misapplied and wrongly invoked the attorney-client privilege and common interest doctrines in numerous documents in order to redact or withhold communications that are not privileged. Furthermore, Defendant Ameristar argues that the privilege logs were too vague to ascertain the nature of the redacted communications, and were also inaccurate. Defendant Ameristar asserts that it cannot decide from the descriptions in the privilege logs whether the attorney-client privilege or the common interest doctrine actually applies, and that this Court should grant the motion to compel, or in the alternative, grant an *in camera* inspection.

Plaintiffs defend their redacted communications by arguing that where the attorney-client privilege does not apply, the common interest doctrine affords essentially the same protection. The common interest doctrine is an exception to the general rule that the attorney-client privilege is waived when the communication is disclosed to third-parties. If the parties invoking the privilege establish that they shared a common legal interest or joint defense, the privilege is extended to all. Communications that occur within these parameters will not lose their confidentiality as long as they are made to facilitate or advance the representation involving the legal claim. Here, Plaintiffs argue that they shared a common interest in their communications in their claim against Defendant Ameristar.

The court is convinced from the discrepancies between redactions and the nature of some of the communications presented by Defendant in their exhibits that there may have indeed been non-privileged communications that were improperly redacted. It is unclear how many of the documents were redacted in such a manner, however, the Court is confident that not all of the 1600 pages of communications are at issue. Under these circumstances, the most appropriate solution is for counsel on both sides to confer and decide—document by document—which documents in particular present a problem and submit those for in camera review. Furthermore, it would be appropriate for Plaintiffs to more clearly define the entries in their privilege logs in order to clarify what kind of privileged communications the documents contain. Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to compel (#41) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that plaintiffs' and defendant's counsels shall confer to determine which documents are at issue for inspection and submit them for in camera review.

**IT IS FURTHER ORDERED** that plaintiffs shall provide an updated and more specific privilege log.

Dated this ⎯⎯12th⎯⎯ day of October, 2009.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
UNITED STATES DISTRICT JUDGE